UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
LAWRENCE PEEBLES, on behalf of himself and all others similarly situated,

                      Plaintiff,

     -v.-

CONCOURSE VILLAGE, INC., AND FIRSTSERVICE RESIDENTIAL NEW YORK, INC.,

                      Defendants.
------------------------------------------------------------------------ x

Case No. 1:20-cv-06940 (GHW)

**FINAL JUDGMENT GRANTING:
(1) FINAL SETTLEMENT APPROVAL; (2) APPROVAL
OF ATTORNEYS' FEES AND REIMBURSEMENT OF
EXPENSES; AND (3) PLAINTIFF'S SERVICE AWARDS**

1. Plaintiff commenced this action on August 27, 2020 by service and filing of a Complaint on behalf of current and former hourly paid and non-exempt employees of Concourse Village.[1] In his Complaint, Plaintiff generally alleged that the Settling Entities violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and New York Labor Law, Article 6, §§ 190 *et seq.*, Article 19, §§ 650 *et seq.*, and 12 NYCRR § 142-2, by denying straight and overtime compensation to Plaintiff and Class Members by paying them according to their scheduled shifts rather than the actual time they spent clocked in and performing work-related duties.

2. On October 15, 2020, the case was administratively referred to mediation by the Court (*see* Dkt. No. 14) and prior to any mediation, the Settling Entities filed an Answer on November 11, 2020. *See* Dkt. No. 17. The parties were unable to agree on the scope of Court ordered mediation, which required motion practice and the eventual adjournment of that resolution

---

[1] Unless otherwise defined, capitalized terms shall have the same meaning as used in the Joint Stipulation of Settlement and Release (a/k/a the Settlement Agreement) (Dkt. No. 44-1).

process. *See* Dkt. Nos. 18-19 & 21. The parties then proceeded with an Initial Conference on January 6, 2021, and Plaintiff served comprehensive class-wide discovery requests, many of which CVI objected to. Thereafter, Plaintiff moved to compel certain discovery responses from Defendants, which was so ordered by Your Honor on February 9, 2021. *See* Dkt. Nos. 32-34. As a result, Class Counsel obtained voluminous time and payroll records for a representative sampling of the class which were carefully reviewed and used to create a comprehensive damage analysis. Additionally, Class Counsel spoke with a number of Class Members regarding their work experiences at CVI and secured four declarations from Class Members making allegations similar to those made by Plaintiff in the Complaint. These four Class Members also filed Opt-In Consent Forms expressly opting-in and joining the Class. *See* Dkt. Nos. 35-38. Contemporaneous with these efforts in discovery and damage analysis, Class Counsel and counsel for the Settling Entities conferred and agreed to stay further discovery, including depositions, and engage a private mediator to explore settlement of the claims asserted in the Complaint. In furtherance of that agreement, counsel retained Carol Wittenberg (the "Mediator"), an experienced and well-respected employment wage-and-hour mediator.

3. On August 5, 2021, during an all-day mediation session before the Mediator, Plaintiff and the Settling Entities reached an agreement in principle to settle Plaintiff's claims on behalf of himself and all other Class Members for $1.15 million.

4. On October 18, 2021, the Parties filed a Joint Motion for Preliminary Approval of the Settlement. By Order dated October 26, 2021, the Court granted preliminary approval of the Settlement; authorized dissemination of Notice to the Classes; and set a date to consider final approval of the Settlement and the application of Plaintiff's counsel for payment of attorneys' fees,

reimbursement of expenses, and service awards to the Named Plaintiff (the "Preliminary Approval Order").

5. The Class Action Fairness Act of 2005, 28 U.S.C. § 1711 *et seq.*, requires that "[n]ot later than 10 days after a proposed settlement of a class action is filed with the court, each defendant that is participating in the proposed settlement…serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement[.]" 28 U.S.C. § 1715(b).

6. As detailed in the Declaration of Stephen Pischl in Support of Motion for Final Approval of Settlement, on Thursday, October 28, 2021, which is 10 days after the parties filed their motion for settlement, the Attorney General of the United States and state attorneys general for New York, Colorado, New Jersey, and Pennsylvania were notified that the parties were seeking preliminary approval and a date for the Fairness Hearing. *See* Pischl Dec.

7. The Defendants did not receive any indication from the United States Attorney General, the state attorneys general, or any other person or entity that any of the recipients of the letter would object to the Settlement Agreement reached between the parties. *See* Pischl Dec.

8. On November 22, 2021, Notice of the Settlement was disseminated to Class Members. Among other things, the Notice contains relevant information about the nature of the lawsuit, including how the Individual Settlement Amounts will be calculated, attorneys' fees and expenses, the proposed service awards to the Named Plaintiff, and how Class Members can exclude themselves from the Settlement or object to the Settlement.

9. On February 15, 2022, Plaintiff jointly moved for an Order: (1) granting final approval of the Settlement; (2) granting the application of Class Counsel for payment of attorneys'

fees and reimbursement of expenses; and (3) granting service awards to the Named Plaintiff. The Court held a hearing on that motion on March 2, 2022.

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Settlement Agreement, the Parties' briefs, declarations, and oral arguments in support thereof, and the proceedings in this action to date, as follows:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this action, all matters relating thereto and all the Parties.

3. If, for any reason, the Settlement Agreement ultimately does not become effective, the Parties shall return to their respective positions in the Litigation as those positions existed immediately before the Parties executed the Settlement Agreement, and nothing stated in the Settlement Agreement or any other papers filed with this Court in connection with the Settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in the Litigation or in any other action.

4. The Notice disseminated to Class Members pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances, was accomplished in all material respects, and fully meets the requirements of Federal Rule 23.

5. Pursuant to Federal Rule 23, the Court grants final certification of the Class because it meets all of the requirements of Federal Rule 23(a) and (b)(3).

6. Pursuant to Federal Rule 23(e), the Court grants final approval of the Settlement. The Court finds that the Settlement is fair, reasonable, and adequate in all respects and that it is binding on all Class Members and that no Class Member requested to opt out or object pursuant

to the procedures set forth in the Preliminary Approval Order. The Court finds that the Settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement Agreement is the result of arms'-length negotiations between experienced counsel representing the interests of Plaintiff, Class Members, and the Settling Entities, after thorough factual and legal investigation. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

7. The Court further finds that the Settlement is adequate given: (i) the complexity, expense and likely duration of the Litigation; (ii) the reaction of Class Members to the Settlement, including the lack of any opt-outs or objections to the Settlement; (iii) the stage of the proceedings and the amount of discovery completed; (iv) the risks of establishing liability and damages; (v) the risks of maintaining the class action through the trial; and (vi) that the Gross Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 86 (2d Cir. 2001); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

8. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which payments are to be calculated and made to Class Members are fair, reasonable, and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the Settlement Agreement.

9. The Court has reviewed the Releases described in Section 2.11 of the Settlement Agreement and finds them to be fair, reasonable, and enforceable under the FLSA, Federal Rule 23, and all applicable law.

10. The Court hereby grants Class Counsel attorneys' fees of $383,333.33 or 1/3 of the Gross Settlement Amount, which the Court finds to be fair and reasonable based upon: (i) the number of hours worked by Class Counsel during the Litigation; (ii) the results achieved on behalf of the Classes; (iii) the contingent nature of Class Counsel's representation; (iv) the complexity of the issues raised by the Litigation; (v) the absence of any objections to the request for attorneys' fees; and (vi) a lodestar cross-check, which reveals that Class Counsel will receive a modest multiple to their lodestar expended during the Litigation.

11. The Court hereby approves Class Counsel's request for reimbursement of litigation expenses in the sum of $15,029.91, which expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting this case and awards costs to Analytics, LLC for claims administration services in the amount of $8,265.87, both to be paid from the Gross Settlement Amount, represent total costs and expenses of $23,295.78.

12. The Court hereby approves service awards of $10,000 for the Named Plaintiff based upon the time, effort and commitment they expended in prosecuting the case on behalf of the Class.

13. The Complaint filed in this Litigation and all claims contained therein are dismissed in their entirety with prejudice and without costs as to all Class Members other than those who have opted-out of the Settlement.

14. By operation of the entry of this Order and the Final Judgment, all Released Claims are fully, finally and forever released, relinquished and discharged pursuant to the terms of the release set forth in Section 2.11 of the Settlement Agreement as to all Class Members other than those who have opted-out of the Settlement.

15. The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. The Settling Entities in no way admit any violation

of law or any liability whatsoever to Plaintiff and the Class, individually or collectively, all such liability being expressly denied by the Settling Entities.

16. The Order and Final Judgment is a final judgment in the Litigation as to all claims among the Plaintiff, the Class Members who have not opted-out, and the Settling Entities. This Court finds, for purposes of Federal Rule 54(b), that there is no just reason for delay and expressly directs entry of Judgment as set forth herein.

17. This Order is contingent upon the Court's receipt of confirmation from counsel that any notice required by 28 U.S.C. § 1715 has been served upon appropriate Federal and State official(s). Pursuant to 28 U.S.C. § 1715(d) and pending such confirmation, this Order will become effective 90 days after the date on which the appropriate Federal and State official(s) were served notice.

18. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Settlement Agreement.

19. The Clerk of Court is directed to file this Order as the final judgment in this matter, terminate the motions at Dkt. Nos. 49 & 51, and close this case.

IT IS SO ORDERED.

DATED: March 2, 2022

_____
Hon. Gregory H. Woods
United States District Judge